UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:19-CR-100-TLS-JPK |
| TERRENCE K. BALLARD | |

## OPINION AND ORDER

This matter is before the Court on Defendant Terrence K. Ballard's Motion for Compassionate Release Pursuant to 3582(c)(1)(A) [ECF No. 51]. For the reasons set forth below, the Defendant's motion is DENIED.

## BACKGROUND

On March 4, 2020, the Court adjudged the Defendant guilty of knowingly and intentionally distributing a mixture and substance containing a detectable amount of heroin. *See* ECF Nos. 11, 27. On October 26, 2020, the Court sentenced the Defendant to ninety-six months imprisonment, to be followed by a six-year term of supervised release. *See* ECF No. 46. The Defendant has now filed a Motion for Compassionate Release Pursuant to 3582(c)(1)(A) [ECF No. 51]. The Court referred the Defendant's motion to the Federal Community Defenders Office, but the Federal Community Defenders Office filed a Notice of Non-Representation. *See* ECF Nos. 52, 53. The Government has filed its Response [ECF No. 56], and the Defendant has filed his Reply [ECF No. 66].

## ANALYSIS

The Defendant asks the Court to modify his sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), based on certain health risks associated with the ongoing Covid-19 pandemic. The Seventh Circuit has explained that "[u]nder 18 U.S.C. § 3582(c)(1)(A), a court may release a prisoner for compassionate reasons only if, after

considering the factors set forth in section 3553(a), it finds extraordinary and compelling reasons." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (internal quotation marks omitted). The Seventh Circuit has also clarified that "[b]ecause of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns. *Id.* (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)). The § 3553(a) factors require the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

   A. the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

      i. issued by the Sentencing Commission pursuant to section 944(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      ii. that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

   B. in the case of a violation or probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing

> > Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5) any pertinent policy statement—
>
> > A. issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> >
> > B. that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C § 3553(a).

The Defendant claims that extraordinary and compelling reasons warrant his release. Specifically, he argues that, because he is fifty-nine years old and has been diagnosed with heart disease, high blood pressure, and hypertension, he faces a higher risk of suffering complications if he were to contract Covid-19. He also argues that FCI Milan, the facility at which he is incarcerated, has failed to mitigate the risks created by the Coivd-19 pandemic. The Court concludes that an extraordinary and compelling reason warranting the Defendant's release does not exist, and even if it did, the Defendant's release is not consistent with the § 3553(a) factors.

A. **Covid-19 and the Defendant's Health Concerns**

Courts have unanimously agreed that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and

3

professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). However, § 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions. *See United States v. Downing*, No. 18-cr-40037, 2020 WL 2789790, at *2 (C.D. Ill. May 29, 2020) ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." (quoting *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020))).

In this instance, the Defendant argues that FCI Milan has failed to take the proper precautions to mitigate the risks created by the Covid-19 pandemic and that his health conditions put him at an increased risk of suffering complications if he were to contract the virus. The Defendant's Motion ignores the numerous safety measures that have been taken by the BOP since the beginning of the pandemic, including those implemented at his facility. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited July 23, 2021). It also ignores that the BOP is working with the CDC and the Federal Government's COVID-19 Vaccine/Therapeutics Operation to ensure the BOP is prepared to receive and administer the Covid-19 vaccination. *Id.* The Defendant's facility, FCI Milan, has a population of 1,310 total inmates, *see* Federal Bureau of Prisons, FCI Milan, https://www.bop.gov/locations/institutions/mil/ (last visited July 23, 2021), 662 of whom are fully vaccinated, *see* COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited July 23, 2021). Although the Defendant claims his facility is experiencing a Covid-19 outbreak, there were 25 active inmate cases and 4 active staff cases of Covid-19 when the Government

filed its Response, and there are no active inmate cases and 1 active staff case of Covid-19 at this time. *Id.*; Gov't's Resp. 17, ECF No. 56.

The Defendant has submitted, among other things, a Census and the Office of the Inspector General's Report of the Remote Inspection of Federal Correctional Institution Milan ("OIG's Report"). The Defendant argues that the Census demonstrates "that the Administration has manipulated the computer print-out of the population of its inmates housed in said Unit," and that inmates "are not being accurately documented and are also 'corrected by hand-written' notation to reflect a true number of inmates that are being quarantined." Reply 2–3, ECF No. 66. It is unclear to the Court how this document demonstrates that the BOP has fraudulently reported the number of individuals that have been quarantined or tested positive for Covid-19. Furthermore, the Census is dated November 28, 2020. Reply Ex. A 6, ECF No. 66-1. The Court, as referenced above, has more recent reports from FCI Milan and the Defendant has presented nothing to suggest that this data is unreliable. The Defendant argues that the OIG's Report demonstrates that FCI Milan's "response [to the pandemic] has not met the standards of the Federal Government." Reply 3. The OIG's Report does identify some issues with FCI Milan's initial response to the Covid-19 pandemic; however, it does not conclude that FCI Milan, as a whole, failed to meet the BOP's standards or that FCI Milan is currently failing to adequately protect its occupants from the risks associated with the Covid-19 pandemic.[1] Accordingly, the Exhibits do not support the Defendant's release.

Although the Defendant claims that he is suffering from various health complications, he has presented no evidence demonstrating that his medical conditions are not being appropriately managed and treated. Even when considering the complications created by the Covid-19

---

[1] The Court notes that the Defendant also submitted newspaper articles as evidence; however, the articles do not constitute sufficient evidence to support the Defendant's release.

pandemic, courts routinely deny compassionate release requests based on the health concerns expressed by the Defendant, *see United States v. Gutierrez*, No. 2:18-CR-96, 2021 WL 248878, at *2–3 (N.D. Ind. Jan. 26, 2021) (denying compassionate release for an individual who allegedly suffered from diabetes, high cholesterol, and high blood pressure); *United States v. Billings*, No. 2:12-CR-4, 2020 WL 6502384, at *2–3 (N.D. Ind. Nov. 5, 2020) (denying compassionate release for an individual who allegedly suffered from hypertension and obesity); *United States v. Levine*, No. 2:91-CR-3, 2020 WL 2537786, at *2, 4 (N.D. Ind. May 19, 2020) (denying compassionate release for an individual who allegedly suffered from advanced heart disease, Non-Hodgkin's B-Cell Lymphoma, rheumatoid arthritis, and lung disease), and the Defendant has not convinced the Court that his motion should be resolved differently. At this time, the Defendant has demonstrated only speculation that he may contract the virus, which is insufficient to warrant release.

**B.    Section 3553(a) Factors**

Even if the Defendant's cited reasons were sufficient to justify his release, the Court could only release him if his release is consistent with the § 3553(a) factors. In this instance, the § 3553(a) factors clearly indicate that release is inappropriate. The first factor, the nature and circumstances of the offense, as well as the second factor, the need to reflect the seriousness of the offense and to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct—including deterring the Defendant from committing future criminal conduct—and the need to protect the public from further crimes of the Defendant, clearly demand that the Defendant's motion be denied.

The Defendant was convicted of distributing heroin after being previously convicted of a serious drug felony and was sentenced to ninety-six months imprisonment. *See* ECF Nos. 11, 27, 46. He has been in custody since his arrest on July 31, 2019, *see* PSR 1, ECF No. 31, and has a

scheduled release date of May 23, 2026. *See* Federal Bureau of Prisons, Find An Inmate, https://www.bop.gov/inmateloc/ (last visited July 23, 2021). The Defendant has spent less than two years in prison and has presented no evidence to demonstrate that he is rehabilitated, that he is unlikely to reoffend, or that he does not pose a risk to the public. The distribution of heroin is a serious offense and, thus, warrants a significant sentence. The fact that this is not the Defendant's first drug distribution offense only further demonstrates why such a sentence is necessary. Accordingly, granting compassionate release is not consistent with the § 3553(a) factors.

The Defendant's only argument related to the § 3553(a) factors is that he was not sentenced to the potential sentence of death and, therefore, should be released. This argument is without merit, as it would mandate the release of most imprisoned individuals. Instead, the Defendant, as previously explained, must show that he faces particularized risks created by the pandemic and that the § 3553(a) factors are consistent with his release, which he has failed to do.

## CONCLUSION

For the foregoing reasons, the Court DENIES the relief requested in Defendant Terrence K. Ballard's Motion for Compassionate Release Pursuant to 3582(c)(1)(A) [ECF No. 51]. The Motion is denied without prejudice and with leave to refile should there be a change of circumstances involving the Defendant.

SO ORDERED on July 23, 2021.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT